FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 AUG 15 P 4: 52

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

CANDELARIO NEVAREZ-DIAZ,

    Petitioner,

vs.

UNITED STATES PAROLE
COMMISSION,

    Respondent.

CIVIL ACTION NO. CV205-009

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Candelario Nevarez-Diaz ("Nevarez-Diaz"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C.A. § 2241. Respondent filed a Response. For the reasons which follow, Nevarez-Diaz's petition should be **DENIED**.

## STATEMENT OF THE CASE

Nevarez-Diaz was convicted in the Northern District of Indiana and was sentenced on February 14, 1986, to a total term of fifteen (15) years' incarceration based on the offenses of conspiracy to distribute, distribution of a controlled substance, possession of an unregistered firearm, and aiding and abetting. Nevarez-Diaz was paroled on September 26, 1990, and was to remain under parole supervision until September 26, 2000. (Resp't's Exs. A and B.) On May 1, 1991, Nevarez-Diaz was arrested for possession of heroine and cocaine; based on this new arrest, the United States Parole Commission ("USPC") issued a warrant against Nevarez-Diaz. Nevarez-Diaz pleaded

guilty to possession of a controlled substance with intent to deliver and received a sentence of nine (9) years' imprisonment. The USPC's warrant was lodged as a detainer. The USPC conducted a review of the detainer and ordered the detainer to stand. On April 27, 1995, the USPC's warrant was executed, and Nevarez-Diaz received a parole revocation hearing on July 2, 1995. The USPC ordered that Nevarez-Diaz's parole be revoked, that none of the time he spent on parole be credited, and that he be re-paroled after the service of 50 months. Nevarez-Diaz was re-paroled on December 9, 1995, and was to remain under parole supervision until April 26, 2005. (Resp't's Ex. J.) However, on November 6, 1997, Nevarez-Diaz's probation officer advised the USPC that Nevarez-Diaz was arrested by the Drug Enforcement Administration for conspiracy to possess with the intent to distribute cocaine and heroin on October 22, 1997. The USPC issued a warrant against Nevarez-Diaz on November 17, 1997, charging Nevarez-Diaz with possession with intent to distribute cocaine and heroine, possession of cocaine and heroin, and unauthorized possession of a firearm. (Resp't's Exs. L-1, L-2, and L-3.) Nevarez-Diaz was convicted and sentenced to 300 months' imprisonment on August 12, 1998, and the USPC supplemented its warrant with this conviction. The warrant was lodged as a detainer on September 14, 1998. The USPC completed its review of the detainer on March 16, 1999, and ordered that the detainer stand by Notice of Action dated May 3, 1999. (Resp't's Exs. R-1 and R-2.)

Nevarez-Diaz contends in his petition that the 1998 detainer lodged against him is unconstitutional. Specifically, Nevarez-Diaz asserts that he did not receive a timely hearing on the warrant and as a result, he has been prejudiced by such delay.

AO 72A
(Rev. 8/82)

## DISCUSSION AND CITATION OF AUTHORITY

18 U.S.C.A. § 4214 provides in relevant part:

In cases in which a parolee has been convicted of such an offense [any criminal offense committed subsequent to release on parole] and is serving a new sentence in an institution, a parole revocation warrant or summons issued pursuant to section 4213 may be placed against him as a detainer. Such a detainer shall be reviewed by the Commission within one hundred and eighty days of notification to the Commission of placement. The parolee shall receive notice of the pending review, have an opportunity to submit a written application containing information relative to the disposition of the detainer, and, unless waived, shall have counsel as provided in subsection (a)(2)(B) . . . to assist him in the preparation of such application.

18 U.S.C.A. § 4214(b)(1). In determining whether a petitioner is entitled to habeas relief due to the USPC's delay in completing its review, a two-step inquiry is involved. "First, the delay, considering all of the circumstances, must be unreasonable. Second, the delay must be prejudicial." Judd v. Baer, 911 F.2d 571, 574 (11th Cir. 1990). Habeas relief is not available for an alleged violation of section 4214 "[i]n the absence of prejudice or bad faith on the part of the Commission[.]" Carlton v. Keohane, 691 F.2d 992, 993 (11th Cir. 1982).

The USPC was notified that the warrant issued against Nevarez-Diaz had been placed as a detainer on September 14, 1998. The USPC completed its review on March 16, 1999. From September 14, 1998, until March 16, 1999, a total of 183 days elapsed. While the USPC did not complete its review of Nevarez-Diaz's petition with the 180 days prescribed by statute, Nevarez-Diaz has not shown that this three (3) day delay was unreasonable. In addition, Nevarez-Diaz has not shown that this three (3) day delay prejudiced him or that the USPC acted in bad faith in having a three (3) day delay. Accordingly, Nevarez-Diaz is not entitled to habeas relief. To the extent Nevarez-Diaz

3

alleges that he is entitled to a hearing on the warrant, he has no statutory or constitutional right to a hearing until the USPC executes the warrant. See Moody v. Daggett, 429 U.S. 78, 84, 97 S. Ct. 274, 277, 50 L. Ed.2d 274 (1976) (noting the USPC's options for the disposition of a parole violator warrant, including deferring a final decision on parole revocation until the expiration of the subsequent sentence).[1]

### CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Nevarez-Diaz's petition for writ of habeas corpus (Doc. No. 1), filed pursuant to 28 U.S.C.A. § 2241, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 15th day of August, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] On page 1 of this Report, the undersigned noted that the USPC executed its warrant against Nevarez-Diaz relating to his 1991 arrest. The USPC conducted a parole revocation hearing based on this warrant. (Resp't's Exs. G-I.) Because the USPC has not executed its warrant against Nevarez-Diaz for his 1997 arrest, he is not entitled to a revocation hearing until the warrant is executed.

4

# United States District Court
## Southern District of Georgia

NEVAREZ-DIAZ  )

vs )  CASE NUMBER  CV205-9

US PAROLE COMMISSION )  DIVISION  BRUNSWICK

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 8/15/05, which is part of the official record of this case.

Date of Mailing: 8/15/05

Date of Certificate  [X] same date,  or _____

Scott L. Poff, Clerk

By: _____
Sherry Taylor, Deputy Clerk

Name and Address

Melissa Mundell
Candelario Nevarez-Diaz, 01640-027, FCI Jesup, 2680 Highway 301 S, Jesup, GA 31599

☐ Copy placed in Minutes
☐ Copy given to Judge
[X] Copy given to Magistrate